UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LISA JILL BILAK, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 12-05956 (SDW) |
| CAROLYN W. COLVIN | : | **OPINION** |
| Acting Commissioner of Social Security | : | December 15, 2014 |
| Defendant. | : | |

**WIGENTON, District Judge.**

This matter comes before this Court by way of two motions pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) ("EAJA"): (1) Plaintiff Lisa Jill Bilak's ("Plaintiff") Motion for Attorney's Fees for Rutgers Urban Legal Clinic ("Rutgers"), Plaintiff's counsel before the U.S. Court of Appeals for the Third Circuit ('Third Circuit"), and (2) Plaintiff's Motion for Attorney's Fees for Agnes D. Wladyka ("Wladyka"), Plaintiff's counsel before this Court.  (Dkt. No. 25, 33.) Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant" or "Commissioner"), opposes both motions. (Dkt. No. 31, 36.)  This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, (1) Plaintiff's Motion for Attorney's Fees for Rutgers is **GRANTED**, and (2) Plaintiff's Motion for Attorney's Fees for Wladyka is also **GRANTED**.

**PROCEDURAL BACKGROUND**

On April 9, 2013, Plaintiff brought an action seeking review of ALJ Leonard Olarsch's ("ALJ" or "ALJ Olarsch") final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II of the Social Security

1

Act.  On August 9, 2013, this Court issued an Opinion affirming the ALJ's decision.  (Dkt. No. 17.)

On October 4, 2013, Plaintiff filed a Notice of Appeal.  (Dkt. No. 19.)  On December 19, 2013, Plaintiff filed a brief before the Third Circuit, and on January 21, 2014, Defendant filed a brief in opposition.  (Def.'s Second Opp'n Br., p. 1.)  On March 24, 2014, the Third Circuit scheduled oral argument for April 7, 2014.  (*Id.*)  On April 27, 2014, the Third Circuit granted the parties' joint Motion to Remand the case to Defendant pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.  (*Id.*)  On May 29, 2014, the Third Circuit issued a mandate granting the Motion to Remand.  (Dkt. No. 21.)  Accordingly, on June 2, 2014, this Court issued an Order remanding the case to Defendant with instructions for the ALJ.  (Dkt. No. 23.)

On June 13, 2014, Plaintiff filed a Motion for Attorney's Fees for Rutgers, requesting $25,227, reflecting 129.75 hours of attorney time at a rate of $195.18 per hour, for work performed before the Third Circuit.  (Dkt. No. 25; Def.'s Second Opp'n Br. 1.)  On June 23, 2014, Defendant filed a brief in opposition. (Dkt. No. 26.)  On July 2, 2014, Plaintiff filed a reply brief in which Rutgers amended its request to $27,276.40, for 139.75 hours of attorney time.  (*Id.*; Dkt. No. 31.)

On August 20, 2014, Plaintiff filed a separate Motion for Attorney's Fees for Wladyka, requesting fees of $6,930.62, for 36.5 hours of attorney time at a rate of $189.88 per hour for work performed before this Court.  (Dkt. No. 33.)

**LEGAL STANDARD**

Congress promulgated the EAJA to ensure that "persons will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in the vindication of their of rights."  *George-Jellison v. Comm'r of SSA*, 2009 WL 1085283, *1-

2

2 (D.N.J. Apr. 22, 2009) (Wigenton, J.); *Johnson v. Gonzales*, 416 F.3d 205, 208 (3d Cir. 2005) (citation omitted). The EAJA, in pertinent part, provides that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). For a court to award attorney's fees, it must find that the plaintiff is the prevailing party, that the position of the Commissioner is not substantially justified, that no special circumstances would make an award unjust, and that the motion for attorney's fees was filed within 30 days of final judgment. 28 U.S.C. §§ 2412(d)(1)(A) & (B).[1]

**DISCUSSION**

*Prevailing Party*

The plaintiff is a prevailing party under the EAJA if " 'the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit . . . sought in bringing suit.' " *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (q*uoting Hudson, Texas State Teachers Ass'n. v. Garland Indep. School Dist.*, 489 U.S. 782, 791-92 (1989)). The court has authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A plaintiff who obtains such a judgment (also known as a "sentence four judgment") meets the prevailing party requirement. *Ruiz v. Comm'r of SSA*, 189 Fed. Appx. 112, 113 (3d. Cir. 2006).

---

[1] Because the Commissioner has not argued that special circumstances would make an award unjust or that the petition failed to meet the filing deadline, these elements will not be addressed.

Here, the denial of Plaintiff's underlying claim for social security benefits was remanded pursuant to sentence four of § 405(g), albeit by consent. Therefore, Plaintiff has established that she is the prevailing party. Defendant does not contest this conclusion. *See Ruiz v. Comm'r of SSA*, 189 Fed. Appx. at 113. Instead, Defendant argues that Plaintiff's requests for attorney's fees should be denied because the Commissioner's position was substantially justified under the EAJA. Alternatively, Defendant argues that the requests for attorney's fees should be reduced. (Def.'s Opp. 9.)

*Substantial Justification*

A court will not award EAJA fees if it finds that the government was "substantially justified" in its position. *Dixon v. Comm'r of SSA*, 2013 WL 5299561, *2 (D.N.J. Sep. 18, 2013). The government has the burden of demonstrating substantial justification, and must show "more than that [its] position was merely reasonable." *Taylor v. Heckler*, 835 F.2d 1037, 1041–42 (3d Cir. 1987). Essentially, the Government's justification for its position must be "to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988).

Here, Plaintiff alleges that the Commissioner's position was not substantially justified because the ALJ disregarded the Social Security Administration's treating physician regulations, 20 C.F.R. § 404.1527, *et seq.*, and binding Third Circuit principles in evaluating Plaintiff's medical reports. Specifically, Plaintiff argues that the ALJ should have given controlling weight to the Residual Functional Capacity ("RFC") assessment by Plaintiff's primary treating physician, Dr. Kaylen, whose assessment was supported by medically acceptable techniques.

Plaintiff further contends that the ALJ did not conduct a proper step-three evaluation regarding whether Plaintiff's condition met or equaled listing 1.04(A) pursuant to 20 C.F.R. § 404.1526(c) and *Burnett v. Comm'r of SSA*, 220 F. 3d 112, 119 (3d Cir. 2000).

4

Additionally, Plaintiff argues that the ALJ disregarded evidence of Plaintiff's 15 non-exertional limitations acknowledged by the state disability agency's physician, Dr. McLarnon, to whom the ALJ accorded "great weight." (Pl.'s Br. 7.)  Plaintiff further contends that the ALJ ignored Dr. Kaylen's documentation of Plaintiff's 22 non-exertional limitations. (*Id.*)  Plaintiff argues that, based on her non-exertional limitations, Defendant was required to fulfill step-five of the social security disability analysis by submitting vocational evidence of jobs available to Plaintiff, or provide proper notice that the non-exertional limitations do not limit the potential jobs in the grid.

Upon further reflection, this Court finds that, although the Commissioner's position was justified, it was not substantially justified pursuant to the EAJA.  This Court maintains that Dr. Kaylen's opinion was not entitled to substantial or controlling weight.  *See* 20 C.F.R. § 404.1527(d)(2).  The opinions of treating physicians are given controlling weight only if they are well supported and not contradictory to other substantial evidence.  *See* 20 C.F.R. §§404.1529, 416.929; *see also* (Dkt. No. 16.)  Here, Dr. Kaylen found that Plaintiff needed a cane to ambulate. However, Dr. Kaylen's opinion was contradicted by the lack of any evidence regarding an abnormality in Plaintiff's gait to warrant the use of a cane. (*Id.*)  Thus, Dr. Kaylen's opinion was not entitled to substantial or controlling weight  (*Id.*)  Nevertheless, regardless of whether Dr. Kaylen's report was given controlling weight, the ALJ failed to apply the factors under 20 C.F.R. § 404.1527(c)(2)(i) and (c)(2)(ii), as well as the factors in paragraphs (c)(3) through (c)(6).  These subsections are applied when controlling weight is not given, for the purpose of allocating the appropriate weight to a physician's medical opinion.  Because these factors were not part of the analysis, the Commissioner's position was not substantially justified under the EAJA.

Moreover, the ALJ's evaluation of Plaintiff's impairments at steps three and five of the five-step sequential disability analysis was incomplete. At step three, an ALJ must compare the claimant's impairment or combination of impairments against those impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. As this Court noted in its prior opinion, the ALJ properly discussed medical support showing that Plaintiff did not have "1) the required neuro-anatomic distribution of pain, 2) limitation of motion in the spine, 3) motor loss accompanied by sensory or reflex loss, and/or 4) positive straight leg raising as required to meet the other criteria of listing 1.04A." (Dkt. No. 16.) However, the ALJ was also required to satisfy step three by 1) explaining the particular requirements of Listing 1.04(a) and applying them to the lumbar and cervical spinal impairments separately, and 2) evaluating the combined effects of both the lumbar and cervical spinal impairments to determine whether they are cumulatively equal to a listed impairment. (Pl.'s Reply 17); *Burnett v. Comm'r of SSA*, 220 F.3d 112, 119-120. Because the ALJ did not specifically address these points, Defendant's position was not substantially justified under the EAJA. *See Diaz v. Comm'r of SSA*, 410 Fed.Appx. 430, 433 (3d Cir. 2010).

At the fifth step of a social security disability evaluation, the ALJ must determine whether the claimant is able to do any other work considering Plaintiff's RFC, age, education, and work experience. *See* 20 C.F.R. §416.920(g). If the claimant establishes that the impairment prevented her from performing past work, the burden shifts to the ALJ to determine whether the claimant is capable of performing alternative, substantial gainful activity present in the national economy. *See id.* Here, the ALJ concluded that Plaintiff could not perform her past relevant work, so he was required to determine the availability of other jobs that Plaintiff could perform. 20 C.F.R. § 404.1520. Although Defendant argues that it could have relied on Social Security Rulings ("SSRs") to support its position that a job base would exist for Plaintiff despite Plaintiff's non-

6

exertional limitations, SSRs provide only "factors for consideration," not a direct conclusion as to disability. (Def.'s Opp. 7, Pl.'s Reply 10-11); *See Sykes v. Apfel*, 228 F.3d 259, 261 (3d Cir. 2000). This Court finds that the ALJ did not establish a "crystal clear" fit concerning the combined effects of Plaintiff's 15 to 22 non-exertional limitations.[2] *See Allen v. Barnhart*, 417 F.3d 396 (3d Cir. 2005). Therefore, the ALJ's reliance on the medical-vocational grid was not substantially justified in law and additional vocational evidence was necessary. *See Heckler v. Campbell*, 461 U.S. 458, 461-62 (1983).

*Reasonableness of the Attorney's Fees*

The EAJA "explicitly directs a court to apply traditional equitable principles in ruling upon an application of counsel fees by a prevailing party." *United States v. Acres of Land*, 43 F.3d 769, 772 (2d Cir. 1994) (*quoting Oguachuba v. I.N.S.*, 706 F.2d 93, 98 (2d Cir.1983)). This rule empowers the court's discretionary authority to deny or reduce attorney fee awards based on equitable considerations. *Id.* at 772. The party seeking attorney's fees bears the burden of establishing that those fees are reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990). This Court has discretion to decide "what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse parties." *Bell v. United Princeton Properties*, 884 F.2d 713, 721 (3d Cir. 1989).

EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See* 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The amount of attorney fees to be awarded must be reasonable. *Blum v. Stenson*, 465 U.S. 886, 896-97 (1984); *Hensley v. Eckerhart*, 461 U.S. 424,

---

[2] An ALJ may replace the need for a vocational expert by using SSRs if it is "crystal-clear" that the SSR is probative as to the way in which non-exertional limitations impacts one's ability to work. *Allen v. Barnhart*, 417 F.3d 396, 407 (3d Cir. 2005).

434 (1983). The court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both. *Hensley*, 461 U.S. at 433. The Supreme Court has cautioned that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 434. The court has broad discretion in determining the appropriate amount of a fee award. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990).

### 1. Rutgers

Defendant alleges that there was nothing unusual or complex in this case that reasonably required Plaintiff's requested attorney's fees for Rutgers. (Def.'s First Opp'n Br., p. 10-12). Defendant argues that a routine social security disability case typically costs between $3,000 and $4,000 for 20 to 40 hours of attorney time, whereas, here, Rutgers is requesting $27,276. 40 for 139.75 hours for work performed before the Third Circuit. (*Id.*); *See Menter v. Astrue,* 572 F. Supp. 2d 563, 565 (D.N.J. 2008); *Astrue v. Ratliff*, 560 U.S. 586, 600 (2010). However, the fact that the Third Circuit granted oral argument is evidence that this case was not a routine social security case. Furthermore, there are similar cases in this district that required more attorney time and fees were held reasonable. *See, e.g., Gonzalez v. Astrue*, 564 F. Supp. 2d 317, 321 (D.N.J. 2008) (holding that an award of $30,217.95 for 181 hours of attorney time was reasonable). Plaintiff's request for fees for Rutgers is appropriate in light of Rutgers' omission of 25% of 10.5 hours originally billed, in addition to the deletion of over 70 hours of law student time spent on this case "to ensure the application's reasonableness." (Pl.'s Br. 11, Pl's Reply 22.) Additionally, this Court further finds that Rutgers' hourly rate of $195.18 is reasonable. *See http://www.justice.gov/usao/dc/divisions/Laffey%20Matrix_2014-2015.pdf* (last visited Dec. 8,

8

2014) (setting out the "Laffey Matrix" to designate appropriate hourly rates for attorneys). Accordingly, this Court will grant Plaintiff's request for $27,276.40 in attorney's fees for Rutgers for 139.75 hours of work performed before the Third Circuit.

### 2. Wladyka

Defendant takes issue with Plaintiff's total application for 36.5 hours spent by Wladyka. (Def.'s Second Opp'n Br., p. 6.) In particular, Defendant argues that Plaintiff's request for 7.6 hours for time spent before this Court for reviewing the Commissioner's brief and filing the reply brief, and for 3.6 hours for reviewing the Answer and administrative record, are not reasonable because the average social security disability case takes 20 to 40 hours of attorney time. (Def's Second Opp'n Br., p. 5-6); *See Menter*, 572 F. Supp. 2d at 565.

This Court finds that Plaintiff's request for attorney's fees for work performed before this Court for 36.5 hours is within the stated average and is reasonable based on the length of the 24-page brief and on the non-routine nature of this case. *See Maldonado v. Houstoun*, 256 F.3d 181, 185-87 (3d Cir. 2001) (Finding that 3 hours per page of briefing was reasonable). This Court further finds that Wladyka's hourly rate of $189.88 per hour is reasonable.

**CONCLUSION**

For the reasons stated herein, this Court **GRANTS** Plaintiff's Motions for Attorney's Fees. Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), attorney's fees requested in the amount of $27,276.40 shall be paid directly to Rutgers for 139.75 hours of work performed before the Third Circuit, and $6,930.62 for 36.5 hours shall be paid directly to Wladyka for work performed before this Court.[3]

---

[3] The EAJA directs the award of any Attorney's fees directly to the prevailing party. 28 U.S.C § 2414(d)(1)(A). However, where there is an assignment agreement and the prevailing party owes no debt to the government, the Supreme Court has honored the assignment agreement and awarded

s/ Susan D. Wigenton, U.S.D.J.

Orig:        Clerk
cc:          Parties
              Magistrate Judge Steven C. Mannion

---

attorney's fees directly to the prevailing party's counsel. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2529 (2010). There is no evidence that Plaintiff owed the government a debt and Plaintiff executed assignment agreements with both Rutgers and Wladyka. Therefore, attorney's fees will be awarded and assigned directly to Plaintiff's attorneys.